MR. JUSTICE SHEEHY,
dissenting:
I dissent. In my opinion, the instructions given to the jury, as interpreted by the special verdict, are so confusing that it cannot be determined on what theory of recovery the jury based its verdict of damages. In that situation, a new trial is required.
I.
It cannot be determined from the instructions on the special verdict whether the jury intended that its verdict of $28,000 be reduced under comparative negligence, or whether it intended that figure to be the full compensation to the plaintiffs for a violation by Teakettle of the Montana Consumer Protection Act.
Court’s instruction No. 15 to the jury provided in pertinent part:
“If you find from all the evidence that the negligence of the plaintiffs was greater than that of a defendant or that of the combined negligence of all the defendants, then you are instructed that the plaintiffs are not entitled to recover damages for the injuries, and *368 you shall return a verdict on the cause of action based on negligence for the defendants.
“If you find that the plaintiffs as well as one or more defendants were negligent and that the negligence of the defendant(s) was equal to or greater than the negligence of the plaintiff, then the plaintiffs will be allowed to recover.
“If the plaintiffs are allowed to recover, the damages will be reduced by the court by the percentage of plaintiffs’ negligence, if any.”
The duty of the real estate agent in selling realty to a buyer was described by the court in court’s instruction No. 21:
“The duty of a real estate agent, representing the seller, to disclose facts, includes the affirmative duty to conduct a reasonably competent and diligent inspection of the residential property listed for sale and to disclose to prospective purchasers all facts materially affected or value or desirability of the property that such an investigation would reveal.”
And in court’s instruction No. 25, the court said in part:
“A realtor has a duty ‘to disclose to a buyer a material fact regarding the condition of a parcel of real estate of which a license (realtor) has knowledge’. . .”
But, in instruction No. 27, the court definitely gave the impression to the jury that if they found a violation under the Montana Consumer Protection Act then the plaintiffs would recover the full amount of their damages. In pertinent part, the instruction said:
“. . . If you find that defendant Teakettle Realty failed to endeavor to ascertain all pertinent facts concerning the property, then this is a violation of public policy and an unfair act and practice under the Montana Consumer Protection Act, and the Evans’ are entitled to all actual damages caused thereby.
“If you find that defendant Teakettle Realty failed to disclose to the Evans any material fact concerning the condition of the subject property, of which Teakettle Realty had knowledge, then this is a violation of public policy and an unfair act or practice under the Montana Consumer Protection Act, and the Evans’ are entitled to all actual damages caused thereby.”
The readers’ attention is invited now to the portion of the special verdict applying to Teakettle which was returned by the jury in the light of the foregoing instructions:
“Question 5: Was Teakettle negligent?
Yes X
*369 “If your answer is ‘yes’ now answer question 6 . . .
“Question 6: Was defendant Teakettle’s negligence a legal cause of the damages to the plaintiffs? Yes X
“Did defendant Teakettle violate the Consumer Protection Act? Yes X
“Question 8: If so was the violation a legal cause of damages for the plaintiffs? Yes X
“Question 9: Were the plaintiffs or either of them negligent? Yes X
“If your answer is ‘yes’ answer question 10 . . .
“Question 10: Was the negligence of the plaintiffs a legal cause of damage to them? Yes X
“Now answer question 11.
“Question 11: What was the full amount of damages sustained by the plaintiffs? $28,000.00 (Twenty-Eight Thousand Dollars)
“Question 12: Considering the negligence of the plaintiffs, if any, and the negligence of the defendants as totaling 100%, what percentage attributable to . . .
“Defendant Teakettle 50%
“Plaintiffs 50% ”
Thus, under the instructions and the special verdict which were submitted to the jurors, they found that the defendant Teakettle was liable to the Evans upon two theories of recovery, one for negligence, and the second for a violation of the Consumer Protection Act.
What cannot be determined from the answers in the special verdict is whether the jury intended that the damages be apportioned under negligence, or not apportioned as the court instructed under the Consumer Protection Act.
We are in no better a position than the District Court to determine what the jury meant in this case. On the other hand, the District Court is in no better position than we to determine their meaning. For that reason, I would require a new trial before a properly instructed jury.
II.
The majority opinion does not address the principal issue in this case, which is when the jury finds a violation of the Montana Consumer Protection Act, which violation is a legal cause of damages to the plaintiffs, are those damages subject to reduction on the theory *370 of comparative negligence? This important question should be met by us in this case.
After the jury verdict in this case, plaintiffs moved for treble damages for a violation of Montana Consumer Protection Act under Section 30-14-133, MCA. The District Court denied the motion for treble damages, and decided to reduce the damages found by the percentage of plaintiff’s negligence saying:
“The jury determined that plaintiffs suffered damages in the amount of $28,000.00. The jury was also instructed that any negligence of the plaintiffs must be determined and will offset or reduce a damage award. In 1980, the Montana Supreme Court addressed a similar situation in Kopischke v. First Continental Corporation, 187 Mont. 471, 610 P.2d 668 (1980), wherein plaintiff’s damage award for injuries was reduced by plaintiff’s negligence. In that action, the plaintiff alleged that defendant violated the Consumer Protection Act. The Supreme Court held that it was a jury question whether a violation occurred. The Supreme Court affirmed the trial court on jury verdict, and upheld the reduction of damage award by plaintiff’s negligence.
“In the case at bar, the jury determined that plaintiffs were 50% negligent. Under Montana’s comparative negligent statute, Section 27-1-702, MCA, the award must be reduced by 50%. See Schwartz, Comparative Negligence, Section 3.5(B) (1978 Supp.). Kopischke is controlling.”
The District Court misconstrued our holding in Kopischke but in fairness to the court, its decision in this case seems to have been grounded on the presence of negligence on all sides:
“An award of treble damages is at the discretion of the court, and normally imposed to reward a party, or to serve as a punishment or warning to others. In this case, negligence existed in all sides; plaintiffs were not without fault. The case at bar does not appear to be appropriate for treble damages. Plaintiffs’ motion is denied.”
It is necessary for us to say, however, that the question whether damages found under a violation of the Consumer Protection Act can be reduced by comparative negligence has not been decided by this Court. In Kopischke, a violation of the Consumer Protection Act was not alleged in the plaintiff’s complaint. See Kopischke, 610 P.2d 687. The question of the reduction of plaintiff’s damages in Kopischke was not decided by this Court because the issue had not been preserved for appeal. We did not decide the issue, saying:
“Plaintiff raises as an issue on cross-appeal whether the jury’s re *371 duction of damages from $650,000 to $422,500 should be sustained. It appears that plaintiff made no objection at trial on this issue. Generally, we will not consider issues raised for the first time on appeal (citing a case).”
Kopischke, 610 P.2d at 689.
It is therefore a matter of first impression to be decided by us in this case what should be the effect of negligence on the part of the consumer on the damages the consumer suffers through a violation of the Consumer Protection Act. I have an opinion as to how that question should be answered, and would answer it if this case were going back for retrial. In view of the affirmance of the judgment in the District Court by the majority in this case, I will refrain from useless discussion.
MR. JUSTICES HARRISON and HUNT concur in the foregoing dissent of MR. JUSTICE SHEEHY.